UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RUTLEDGE, | No. 2:18-cv-1075 DB P |
| Plaintiff, | |
| v. | ORDER |
| AMY FOSTER, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, initiated this action on April 30, 2018. However, plaintiff did not sign his complaint. (See ECF No. 1 at 5.) The court cannot consider unsigned filings and the complaint shall be stricken from the record for that reason. Fed. R. Civ. P. 11; E.D. Cal. R. 131. Plaintiff has thirty days to file a signed complaint. Below, the court sets out the pleading and legal standards which appear to apply to the claims plaintiff is attempting to assert in this action. Plaintiff is advised to heed these standards as he prepares a new, signed complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

## PLEADING STANDARDS

### I. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Factual allegations are accepted as true, but legal conclusions are not. Iqbal, at 678; see also Twombly, 550 U.S. at 556–557; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The pleadings of pro se prisoners are construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). A "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)), and courts are not required to indulge unwarranted inferences, Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

In filing a new, signed complaint, plaintiff should endeavor to make the complaint as concise as possible. He should simply state which of his constitutional rights he feels were violated by each defendant and the factual basis.

## II. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis. His complaint must put each defendant on notice of plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

Finally, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## LEGAL STANDARDS

## I. Harassment

Neither threats nor harassment state a claim under § 1983. See Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom., Kush v. Rutledge, 460 U.S. 719

(1983); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

## II.     Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

## III.    Religious Discrimination

Prisoners are protected against discrimination on the basis of religion. See Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam). The Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated persons be treated equally under the law. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is stricken because it is unsigned;

4

2. Within thirty (30) days of the date of this order, plaintiff shall file a signed complaint that complies with the pleading and legal standards set out above;

3. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form; and

4. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 15, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/rutl1075.scrn